UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JANE DOE, by her next friend
David C. Boechler,

       Plaintiffs,

                               Case Number 06-14931-BC

v.                                    Honorable Thomas L. Ludington

MOREY CHARTER SCHOOLS, EDUCARE, INC.,
WEST MICHIGAN EDUCATION SERVICES,
JAMES CARDON, RALPH CROSSLIN, MICHELLE
PATTON, JAMES WILLOUGHBY,

       Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S MOTIONS TO SEAL
## AND FOR A PROTECTIVE ORDER

On November 1, 2006, the plaintiff filed a complaint claiming that defendant James Cardon, an elementary school teacher, violated 42 U.S.C. § 1983 by sexually abusing a minor student, the plaintiff. Also on November 1, 2006, the plaintiff filed ex parte motions for the appointment of David Boechler as next friend of the minor plaintiff, for a protective order barring the disclosure of the identity of the minor plaintiff, and for an order sealing three affidavits identifying the minor plaintiff.

Federal Rule of Civil Procedure 17(c) provides no bar to the plaintiff proceeding through a next friend.

Federal Rule of Civil Procedure 26(c) permits a party to seek a protective order based on good cause. The decision to grant the movant's request rests in the Court's sound discretion. *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996). The Sixth Circuit has cautioned, however, that such "discretion is limited by the careful dictates of [Rule] 26 and is

circumscribed by a long-established legal tradition which values public access to court proceedings." *Ibid.* (citing *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1177 (6th Cir. 1983)). Above all, district courts cannot "abdicate [their] responsibility to oversee the discovery process and to determine whether filings should be made available to the public." *Ibid.* Further, First Amendment concerns require the Court to "state findings and conclusions which justify nondisclosure to the public." *Brown & Williamson*, 710 F.2d at 1176. Courts do, however, recognize the possibility of allowing certain parties to proceed anonymously. *See Doe v. Harlan County School District*, 96 F. Supp. 2d 667, 670-671 (E.D. Ky. 2000) (permitting a minor plaintiff to proceed under pseudonym in an action against the defendant school).

Given the possible importance of preserving the plaintiff's anonymity, the Court will permit the identity of the plaintiff minor to remain undisclosed at this juncture. The Court recognizes, however, that the defendants must have sufficient information to be able to respond. *See* Fed. R. Civ. P. 10(a). Thus, the Court will await the participation of the defendants to resolve the issue of any disclosure of the plaintiff's identity during the proceedings.

Accordingly, it is **ORDERED** that the plaintiff's motion to proceed through a next friend [dkt #3] is **GRANTED**.

It is further **ORDERED** that the plaintiff's ex parte motion for a protective order and to seal [dkt #2] is **GRANTED**.

It is further **ORDERED** that the plaintiff shall serve a copy of this order on the defendants contemporaneous with the service of the complaint.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: November 21, 2006

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 21, 2006.

s/Tracy A. Jacobs  
TRACY A. JACOBS

---