UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JANE DOE, by her next friend
David C. Boechler,

        Plaintiffs,

                              Case Number 06-14931-BC
v.                                  Honorable Thomas L. Ludington

MOREY CHARTER SCHOOLS, EDUCARE, INC.,
WEST MICHIGAN EDUCATION SERVICES,
JAMES CARDON, RALPH CROSSLIN, MICHELLE
PATTON, ESTATE OF ROBERT SCOTT
WILLOUGHBY,

        Defendants.
_____/

## ORDER OVERRULING PLAINTIFF'S OBJECTION
## TO MAGISTRATE JUDGE'S ORDER
## GRANTING IN PART AND DENYING IN PART HER MOTION TO COMPEL

This matter is before the Court on the objection of Plaintiff Jane Doe, by her next friend, David C. Boechler, to Magistrate Judge Charles E. Binder's order of July 30, 2007, granting in part and denying in part Plaintiff's motion to compel.

On June 15, 2007, Plaintiff filed a motion to compel Defendants Morey Charter Schools (MCS), Educare, Inc. (Educare), West Michigan Education Services (WMES), James Cardon, Ralph Crosslin, Michelle Patton, and the Estate of Scott Willoughby (Willoughby) to respond to Plaintiff's nine requests for production of documents, issued on May 8, 2007. The docket does not reflect that Defendants ever filed a response to that motion, and this Court is not in receipt of any such document. The transcript of the hearing before the magistrate judge on July 17, 2007, however, does reflect the fact that he received a responsive document the morning of that hearing. Also according to that transcript, counsel for Plaintiff and for Defendants MCS, WMES, Crosslin, Patton, and

Willoughby argued at that hearing, at which Defendants Educare and Cardon seemingly did not appear.

At the hearing on July 17, 2007, Plaintiff withdrew requests for production of documents 5, 6, and 8. As to the remaining requests, she argued that she had not received adequate responses regarding Defendants' investigation of Plaintiff's allegations of sexual abuse. She noted that the documents produced on that point were much more limited than anticipated and that Defendants did not produce documents that she knew existed, based on her access to other sources. Counsel for Defendants MCS, WMES, Crosslin, Patton, and Estate represented that the documents produced constituted all those known to exist. The parties further differed over the availability of documents stored on computers seized by the police, but the magistrate judge noted that both counsel had access to mirror images of the drives containing that data. Based on the representations made at the hearing, the magistrate judge concluded that Plaintiff had not made overbroad requests. Instead, he felt, she had difficulty addressing her requests to discover the many and varied sources of information, given the factual complexity of the case, within the numerical limit set by the local rules. He also expressed a concern about the difficult of discovery of e-mail, but he refrained from ruling on that point. Rather, he ruled that, upon the lifting of the stay of discovery, Plaintiff could propound a new set of requests to produce regarding specific subject areas, without the numerical constraint of the local rules.

On July 19, 2007, Plaintiff filed an objection to the magistrate judge's order, arguing that Defendants had not timely responded within 30 days, as required by Federal Rule of Civil Procedure 34. At issue are Plaintiff's five requests to produce materials and electronically stored information regarding Defendants' investigation and the substance of her allegations, and one request regarding

Defendant Cardon's e-mails to employees and students of Defendants MCS, Educare, and/or WMES after his arrest and suspension. Plaintiff largely repeats her earlier challenges: (1) that the documents produced are too few, given her expectation for the type of investigation she believes Defendants could or should have commenced; and (2) that Defendants have allegedly selectively released documents, because Plaintiff has secured allegedly relevant documents from other sources. Plaintiff also asserts, apparently for the first time, that the alleged volume of data available on computers requires her to have access to Defendants' computer systems. She also suggests that police possession of certain computer records may require her to have access to Defendants' computer systems.

On August 13, 2007, Defendants MCS, WMES, Crosslin, and Patton filed a response to Plaintiff's objection to the magistrate judge's report and recommendation.

This Court reviews an order by a magistrate judge on a non-dispositive matter to determine whether the decision is "clearly erroneous." *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). A decision is "clearly erroneous" if "although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Company*, 333 U.S. 364, 395 (1948). Where there are two plausible views, a decision cannot be "clearly erroneous." *Anderson v. City of Bessmer City, NC*, 470 U.S. 564, 573 (1985).

The Court is not persuaded that the magistrate judge's order constituted clear error. After a hearing in which he carefully considered the particulars of the factual complexity of this case, he concluded that permitting Plaintiff to re-issue her requests for production, unfettered by a numerical limit, would better promote discovery here. He considered the parties' representations about the

materials available, including the fact that Defendants MCS, WMES, Crosslin, and Patton stated that they had provided all the materials pertinent to the investigation. Toward the end of the hearing, the magistrate judge also made some remarks about sanctions, although he did not impose any. In addition, the magistrate judge secured the parties' agreement that they all had access to a mirror image of the data seized by the police. Consequently, the purported unavailability of that data cannot support Plaintiff's arguments. Because the magistrate judge clearly weighed the circumstances presented by the parties who appeared at the hearing and crafted a resolution responsive to that situation, the Court is not left with a firm and definite conviction that a mistake has been made.

Accordingly, it is **ORDERED** that Plaintiff's objection [dkt #61] to the magistrate judge's order of July 30, 2007, granting in part and denying in part Plaintiff's motion to compel, is **OVERRULED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: August 14, 2007

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 14, 2007.

s/Tracy A. Jacobs
TRACY A. JACOBS