UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JANE DOE, by her next friend
David C. Boechler,

        Plaintiffs,

                                                 Case Number 06-14931-BC

v.                                           Honorable Thomas L. Ludington

MOREY CHARTER SCHOOLS, EDUCARE, INC.,
WEST MICHIGAN EDUCATION SERVICES,
JAMES CARDON, RALPH CROSSLIN, MICHELLE
PATTON, ESTATE OF ROBERT SCOTT
WILLOUGHBY,

        Defendants.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS MOREY CHARTER SCHOOL, WEST MICHIGAN
EDUCATION SERVICES, RALPH CROSSLIN, MICHELLE PATTON,
AND ESTATE OF WILLOUGHBY'S MOTION
FOR PARTIAL SUMMARY JUDGMENT,
DISMISSING WITH PREJUDICE CLAIM OF NEGLIGENCE AS TO DEFENDANTS
MOREY, WMES, CROSSLIN, PATTON, AND WILLOUGHBY,
AND DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT**

      This matter is before the Court on Defendants Morey Charter School (Morey), West Michigan Education Services (WMES), Ralph Crosslin, Michelle Patton, and Estate of Willoughby's[1] (Willoughby) motion for partial summary judgment under Federal Rule of Civil Procedure 56. Plaintiff Jane Doe, by her next friend, David C. Boechler, filed a complaint alleging a variety of legal theories regarding an alleged sexual relationship between Plaintiff and Defendant James Cardon and alleged harassment of Plaintiff where she attended school.

      The Court has reviewed the parties' submissions and finds that the facts and the law have

---

[1]Hereinafter, "moving Defendants."

been sufficiently set forth in the motion papers to dispose of the motion. The Court concludes that oral argument will not aid in reaching a decision. Accordingly, it is **ORDERED** that the motion be decided on the papers submitted. *Compare* E.D. Mich. LR 7.1(e)(2).

I.

In September 2003, Plaintiff, an unnamed female, age 12 at the time of the alleged events, attended school at Defendant Morey. Defendant Cardon, Plaintiff's seventh grade homeroom, lab, and English teacher, during the 2003-2004 school year allegedly "abused his position as the minor Plaintiff's teacher and his authority as an educator and as an adult to have inappropriate and offensive sexual contact with Plaintiff, by touching her in a sexual and offensive manner and engaging in sex with minor Plaintiff." Pl. Am. Cplt., ¶ 22 [dkt #4].

According to Plaintiff's amended complaint, Defendant Ralph Crosslin was the administrator for the elementary, middle, and high schools of Defendant Morey and the principal for the middle and high schools. He was allegedly employed by Defendant Educare, who was furnishing educational services to Defendant Morey under contract, when the alleged assaults occurred. Defendant Michelle Patton was the elementary school principal and acting administrator for Defendant Morey and was employed by Defendant Educare at the time of the alleged incidents. Plaintiff also names Willoughby as a defendant, although he is identified only as an employee of Defendant WMES, who succeeded Defendant Educare as a provider of educational services to Defendant Morey; Plaintiff's amended complaint also identifies Defendant Willoughby as an agent of Defendant WMES or Defendants Crosslin and Patton.

Plaintiff maintains, in her amended complaint, that her teachers, a guidance counselor, and others informed Defendants Crosslin and Patton that Defendant Cardon and Plaintiff were engaged

in an inappropriate relationship. Allegedly, Defendant Cardon and Plaintiff were observed alone in his classroom after regular school hours, and the perception existed that he treated Plaintiff more favorably than other students. Plaintiff asserts that Defendants Crosslin and Patton failed to report the alleged assault and misconduct, as required under state law.[2]

Without any record citation, Plaintiff states in her response that Defendant Cardon sexually abused and assaulted another student at Defendant Morey from February to May 2002. Plaintiff further states, also without record citation, that Defendant Cardon was charged with criminal sexual conduct as to Plaintiff and the other student and that he pled guilty as to Plaintiff and *nolo contendere* as to the other student.

Defendant Morey contracted with Defendant Educare to provide educational services from July 25, 2002 to July 24, 2005. Before that contract term concluded, Defendant Morey contracted with Defendant WMES to provide those services, effective July 1, 2004 and continuing through July

---

[2]Mich. Comp. Laws § 722.623(a), in relevant part, provides:

> A . . . school administrator, school counselor or teacher . . . who has reasonable cause to suspect child abuse . . . shall make immediately, by telephone or otherwise, an oral report, or cause an oral report to be made, of the suspected child abuse or neglect to the department. Within 72 hours after making the oral report, the reporting person shall file a written report as required in this act. If the reporting person is a member of the staff of a . . . school, the reporting person shall notify the person in charge of the . . . school of his or her finding and that the report has been made, and shall make a copy of the written report available to the person in charge. A notification to the person in charge of a . . . school does not relieve the member of the staff of the . . . school of the obligation of reporting to the department as required by this section. One report from a . . . school is adequate to meet the reporting requirement.

Mich. Comp. Laws § 722.622(f) defines "child abuse" as "harm or threatened harm to a child's health or welfare that occurs through nonaccidental physical or mental injury, sexual abuse, sexual exploitation, or maltreatment, . . . by a teacher . . . ." A person under 18 years of age is a child. Mich. Comp. Laws § 722.622(e).

30, 2005. By letter of July 12, 2004, Defendant WMES informed Defendant Cardon that it would continue his employment and would assume the three final payrolls of July 15, July 30, and August 15, 2004.

On November 15, 2006, Plaintiff filed an amended complaint alleging ten counts, including purported violations of 42 U.S.C. § 1983 against Defendant Cardon, based on an alleged violation of her personal security (count I); against Defendants Crosslin and Patton, based on the "right to be free from sexual abuse" (count VII); against Defendants Morey and Educare for creating a culture that did not report or address alleged sexual abuse (count IV); and against Defendants Morey, WMES, and Willoughby, based on a failure to correct an allegedly abusive environment (count VIII). Plaintiff also alleges claims of battery and assault against Defendant Cardon (counts II and III) and a violation of the state reporting requirement of abuse by a teacher under Mich. Comp. Laws § 722.623 against Defendants Crosslin and Patton (count VI). Plaintiff further alleges a violation of Title IX, 20 U.S.C. §§ 1681 *et seq.*, based on sexual harassment of Plaintiff against Defendants Morey and Educare (count V). Finally, Plaintiff alleges claims of negligence against Defendants Morey, Educare, WMES, Crosslin, Patton, and Willoughby (count X) and of respondeat superior against Defendants WMES and Educare (count IX).

Defendants Morey, WMES, Crosslin, Patton, and Willoughby filed the instant motion for partial summary judgment. They advance three arguments. First, they maintain that Plaintiff has failed to connect her assertion of respondeat superior to a tort that would serve as the predicate for pursuing that tort theory. Second, they maintain that Defendant Morey has immunity under Mich. Comp. Laws § 691.1407. Third, they argue that a the Michigan Elliott-Larsen Civil Rights Act (ELCRA), Mich. Comp. Laws § 37.2101 *et seq.*, operates as a bar to Plaintiff advancing a claim of

negligence, where her allegations are encompassed by a claim of sexual harassment that did not exist at common law.

II.

In a motion for summary judgment under Federal Rule of Civil Procedure 56, a court must determine if "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The Court must view the evidence and draw all reasonable inferences in favor of the non-moving party and determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-252 (1986). When the "record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," there is no genuine issue of material fact. *Michigan Paytel Joint Venture v. City of Detroit*, 287 F.3d 527, 534 (6th Cir. 2002).

III.

A.

Respondeat superior is the doctrine that a principal or employer, whether an individual person or an entity, can be liable for the torts of their agents or employees, to the extent committed in the course and scope of the agency or employment. *See* Black's Law Dictionary (8th ed. 2004). By definition, then, a claim of respondeat superior rests on the existence of some underlying wrong, coupled with an agency or employment relationship.

Here, Plaintiff has asserted the existence of an employment relationship between Defendant WMES and Defendants Crosslin, Patton, or Willoughby. The allegations in count IX, for respondeat

superior as to Defendant WMES,³ do not specify any underlying wrongdoing. Defendant WMES objects to this cursory statement, insisting that Plaintiff's failure to directly allege a specific tort in this count prevents Defendant WMES from knowing the claim asserted against it.

While not a model of clarity, Plaintiff's amended complaint, however, does incorporate by reference all preceding allegations in the complaint. The liberal notice pleading standard of Federal Rule of Civil Procedure 8 requires only a short and plain statement on which relief might be granted. Although generally more relevant to motions to dismiss, the breadth accorded to plaintiffs in their pleadings allows Plaintiff's allegations to suffice to put Defendant WMES on notice of her claims here. Plaintiff's amended complaint does assert wrongdoing by Defendant WMES's employees or agents elsewhere in the complaint.

The allegations that Plaintiff incorporates by reference include claims of violations of 42 U.S.C. § 1983 and a state reporting requirement for suspected abuse against Defendants Crosslin, Patton, and/or Willoughby.⁴ As Defendant WMES points out, Plaintiff cannot advance a claim of a violation of § 1983 under a theory of respondeat superior. *See Klemencic v. Ohio State Univ.*, 263 F.3d 504, 511 (6th Cir. 2001) (stating that when a plaintiff sues under § 1983, an "institution cannot be liable for the acts of its employees under a theory of respondeat superior"). The only remaining claim, then, that might be incorporated by reference in count IX, is an alleged violation of Mich. Comp. Laws § 722.623. Not all claims may be asserted against an employer or agent through

---

³Plaintiff asserts this same claim against Defendant Educare as well, but Defendant Educare did not file any motion.

⁴Because Plaintiff specifically names Defendants Crosslin, Patton, and Willoughby in count IX, the counts unique to Defendant Cardon, for assault and battery, likely would not be asserted against Defendant WMES based on a theory of respondeat superior.

vicarious liability, such as claims of intentional torts. *See Zsigo v. Hurley Medical Cetner*, 716 N.W.2d 220, 223 (Mich. 2006). Defendant WMES, however, advances no argument that such a bar would prevent Plaintiff from asserting a claim of a violation of Mich. Comp. Laws § 722.623 against Defendant WMES on a theory of respondeat superior. Whether or not an alleged failure to report abuse is outside the scope of Defendants Crosslin and Patton's employment is not argued by Defendant WMES. Accordingly, Plaintiff may be able to advance a claim of a violation of Mich. Comp. Laws § 722.623 against Defendant WMES based on a theory of respondeat superior.[5]

Defendant WMES is correct that Plaintiff might have more clearly pleaded her assertion of respondeat superior, that respondeat superior is not a cause of action, and that asserting respondeat superior requires some underlying theory of wrongdoing. Notwithstanding those irregularities, the liberal notice pleading of the Federal Rule of Civil Procedure allows a claim as general as that advanced here, particularly because Plaintiff does incorporate by reference all her prior allegations. That this incorporation may result in only one claim on which a theory of respondeat superior might be advanced, i.e., a violation of Mich. Comp. Laws 722.623, still prevents the dismissal of count IX.

Thus, the Court will deny in part moving Defendants' motion as to count IX. The Court will further direct Plaintiff to amend her pleadings to provide a more definite statement of her assertion of a claim based on a theory of respondeat superior.

---

[5]In its reply brief, Defendant WMES argues that Plaintiff cannot advance a claim based on a theory of respondeat superior against it, because it never employed Defendant Crosslin. First, Defendant WMES provides no record basis for this assertion. Second, regardless of whether Defendant WMES employed Defendant Crosslin, Defendant WMES does not challenge that it employed Defendant Patton. Accordingly, if Plaintiff is, in fact, pursuing a claim of a violation of Mich. Comp. Laws § 722.623 against Defendant WMES based on a theory of respondeat superior, that Plaintiff has asserted such a requisite predicate claim against Defendant Patton would suffice to let the claim against Defendant WMES remain.

B.

Regarding immunity under state law, Mich. Comp. Laws § 691.1407(1), in relevant part, provides, "[A] governmental agency is immune from tort liability if the governmental agency is engaged in the exercise or discharge of a governmental function." "Governmental agency" means a political subdivision of the state, which includes school districts. Mich. Comp. Laws § 691.1401(d), (b). Mich. Comp. Laws § 380.501(1) provides as follows, regarding charter schools:

> A public school academy is a public school under section 2 of article VIII of the state constitution of 1963, is a school district for the purposes of section 11 of article IX of the state constitution of 1963 and for the purposes of section 1225 and section 1351a, and is subject to the leadership and general supervision of the state board over all public education under section 3 of article VIII of the state constitution of 1963. A public school academy is a body corporate and is a governmental agency. The powers granted to a public school academy under this part constitute the performance of essential public purposes and governmental functions of this state.

Based on this language, Defendant Morey asserts that it is entitled to this immunity, as a public school academy, which it maintains constitutes a school district. Defendant Morey has provided no documentation to show that it is a public school academy within the meaning of Michigan law. (Plaintiff does attach the two contracts Defendant Morey entered into with Defendant Educare and Defendant WMES, respectively, that asserts that Defendant Morey meets this statutory definition.) In her amended complaint, however, Plaintiff pleads that Defendant Morey is a charter school. Pl. Am. Cplt. ¶ 3 [dkt #4]. While Plaintiff might advance an argument that her pleading is not a legal conclusion but simply the use of plain English, under the circumstances, it seems reasonable to conclude that Plaintiff has acknowledged that Defendant Morey is a charter school and, as such, is entitled to immunity as a governmental agency engaged in a governmental function under Mich. Comp. Laws § 691.1407(1). Accordingly, the Court will grant in part moving Defendants' motion for summary judgment as to Plaintiff's claim of negligence against Defendant

Morey.

C.

Finally, in Michigan, if "a statute creates a new right or imposes a new duty having no counterpart in the common law, [then] the remedies provided in the statute for violation are exclusive and not cumulative." *Covell v. Spengler*, 366 N.W.2d 76, 80 (Mich. Ct. App. 1985); *see also Driver v. Hanley*, 575 N.W.2d 31, 36 (Mich. Ct. App. 1997) (stating that "remedies provided by a statute for the violation of a right having no common-law counterpart are exclusive rather than cumulative") (citation omitted). In *Covell*, the court held that, because no common law action existed for reporting an employer's violation of law, the state whistleblower statute that permitted such a claim was the exclusive remedy. Thus, where a comprehensive statute exists that creates a new cause of action, common law remedies cease to be available to a plaintiff.

In *McClements v. Ford Motor Co.*, 702 N.W.2d 166, 171 (Mich. 2005), the court stated that no cause of action for workplace sexual harassment had existed prior to the enactment of ELCRA. Consequently, the court ruled that the plaintiff could not pursue a claim of negligent retention, because the alleged sexual harassment that formed a predicate for the plaintiff's claim was actionable only under ELCRA. *Id*.

Here, moving Defendants argue that the existence of § 1983, Title IX, and ELCRA foreclose Plaintiff's ability to bring a negligence claim based on Defendant Cardon's alleged conduct. First, reliance on federal causes of action, such a claim under § 1983 or under Title IX, to eliminate a state cause of action shows little regard for the states' role in the American concept of federalism. Although the Michigan jurisprudence makes no express mention of state statutory remedies, as opposed to those available under federal statutes, moving Defendants' argument implies that

Congress can alter Michigan's common law. While that might be true with respect to certain subjects, moving Defendants' filings do not reflect any authority for that proposition in the immediate context. As to ELCRA, it does bar discrimination based on gender in obtaining "educational facilities." Mich. Comp. Laws § 37.1201(1). The statute also creates a cause of action for sexual harassment. Mich. Comp. Laws § 37.2103(i). Here, Plaintiff alleges negligence based on a purported failure "to insure that minor Plaintiff was free from the sexual advances and harassment by employees and representatives of [Defendants] Morey, Educare, WMES and Morey students."[6] Pl. Am. Cplt., ¶ 70 [dkt #4]. Based on *McClements*, in which sexual harassment in the workplace was found to have an exclusive remedy under ELCRA, Plaintiff's exclusive state law remedy must also exist under ELCRA. She cannot pursue a claim of negligence, due to the existence of a statutory remedy that created a right not available at common law.

Thus, the Court will grant in part moving Defendants' motion for summary judgment as to Plaintiff's claim of negligence based on Defendant Cardon's alleged sexual harassment, where Plaintiff's exclusive state law remedy is under ELCRA. Should Plaintiff elect to do so, the Court will also permit her to amend her complaint in light of the state law bar on causes of action for which a statutory remedy is now exclusive.

IV.

Accordingly, it is **ORDERED** that Defendants Morey, WMES, Crosslin, Patton, and Willoughby's motion for partial summary judgment [dkt #66] is **GRANTED IN PART** and

---

[6]These allegations parallel those that she advances in her Title IX claim. *Id*. at ¶¶ 43-44. Although a claim under federal law has no bearing on whether state law forecloses a claim of negligence, the substantial similarity between the pleadings that support Plaintiff's Title IX and negligence claims shows that the conduct at issue involves purported sexual harassment, and not some other form of negligence with a remedy outside of ELCRA.

**DENIED IN PART**.  The claim of negligence (count IX) is **DISMISSED WITH PREJUDICE** as to Defendant Morey, based on state law immunity, and is **DISMISSED WITH PREJUDICE** as to Defendants Morey, WMES, Crosslin, Patton, and Willoughby, based on the existence of a state law bar to this common law claim in this circumstance.  Plaintiff is directed to file an amended complaint, consistent with this order, on or before **January 25, 2008**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: January 11, 2008

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 11, 2008.

s/Tracy A. Jacobs
TRACY A. JACOBS