# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

JANE DOE, *et al.*,

        Plaintiff,                CASE NO: 06-CV-14931

v.                                      DISTRICT JUDGE THOMAS L. LUDINGTON
                                        MAGISTRATE JUDGE CHARLES E. BINDER

MOREY CHARTER SCHOOLS,
*et al.*,

        Defendants.
_____/

**ORDER ON MOTION OF JON R. CONTE FOR LEAVE TO INTERVENE
and PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**
(Dkts. 96, 104)

    This order is entered under the authority given to this Magistrate Judge in an Order of Reference issued by District Judge Ludington pursuant to 28 U.S.C. § 636(b)(1)(A).

## I.    Conte's Motion to Intervene

Dr. Jon R. Conte, Ph.D., an expert retained by Plaintiff, seeks leave to intervene, arguing that his intervention is required in order for him to properly respond to a series of Requests to Produce directed to him by Defendants. The doctor argues that compliance with these requests would require him to violate state therapist/patient privileges and the canons of his professional ethics. Defendants oppose the motion, arguing that the prerequisites for intervention are not met by an expert witness. Oral argument was heard March 26, 2008, at the close of which all parties were given the opportunity to file supplemental briefing. Having reviewed those briefs, the matter is ready for decision.

During oral argument, counsel for Conte conceded that this is in effect a request for a

"limited" intervention, and asserts that the phrase "property or transaction that is the subject of the action" in Rule 24 of the Federal Rules of Civil Procedure can, under these circumstances, include this dispute over the scope of requests to admit propounded directly to a party's retained expert witness. FED. R. CIV. P. 24(a)(2). Defendant argued that the this expert witness' interests are adequately represented by counsel for Plaintiff, who retained this expert in the first place.

## II.   Plaintiff's Motion for Protective Order

Plaintiff seeks a protective order prohibiting Defendants from requesting any documents from Dr. Conte beyond those he used or developed in his work as an expert in this case. The motion was filed in response to a series of Requests to Produce directed to Dr. Conte in late January 2007 which requested production, *inter alia*, of "a complete set of all opinions, letters, Rule 26 Disclosures, and/or other materials" ever prepared by Dr. Conte relating to "claims of abuse made by or on behalf of a student." Similar requests were made concerning matters relating to "any individual within a school setting" and "sexual abuse." The requests also sought deposition transcripts, and the last 25 disclosures made pursuant to Rule 26 in cases in which he was retained.

Plaintiff argues that these requests are over broad. Dr. Conte argues that to respond would require him to violate numerous state privilege laws and his professional ethics. He also asserts that he is being asked to produce documents over which he has no control. Defendant maintains that these documents are relevant and necessary to impeachment. Defendant seeks multiple prior reports in order to ascertain whether, in effect, he "mass produces" essentially identical reports in every case. During oral argument, counsel for Defendants represented that they did not construe the requests as broadly as suggested by Dr. Conte.

### III. Analysis and Conclusions

At the outset, oral argument made abundantly clear that these motions are inextricably intertwined. As to the motion to intervene, I am unable to subscribe to the interpretation given Rule 24 by counsel for Dr. Conte. The "transaction that is the subject of the action" is not the discovery requested of the doctor by Defendants, but rather claims made by Plaintiff in the complaint. If courts were to follow the interpretation proposed by Dr. Conte, expert witnesses in virtually every case would have the right to be considered as parties and not witnesses. In addition, for the reasons that follow, I find that Dr. Conte's interests are well represented by counsel for Plaintiff. Therefore, denial of motion to intervene is appropriate.

Turning to the motion for protective order, counsel for Dr. Conte is precisely correct that the genesis of both these motions is the procedural decision made by Defendants to seek information from Dr. Conte by way of requests to produce instead of a subpoena duces tecum under Rule 45. If the latter had been utilized by Defendants, there would be no question that Dr. Conte could properly file a special appearance for the purpose of seeking to quash such a subpoena.

Turning directly to the requests at issue, after review of the pleadings and briefs I conclude that to characterize these requests as breathtakingly over broad understates the matter. While the motivation to seek evidence for impeachment is legitimate, Defendants seek in these requests essentially all the work that this therapist has ever undertaken as an expert witness. Had this expert labored in obscurity, the requests might have some validity. However, the most cursory review of publicly available sources makes it abundantly evident that Dr. Conte is widely published and that extensive information concerning his work is readily available. Westlaw indicates that Dr. Conti has served as an expert witness in at least 16 prior reported federal cases. In addition, it

appears that he has authored multiple books, including a chapter within an evidence treatise. I therefore conclude that more than ample potential impeachment information exists regarding this expert. Moreover, as written, these requests are in no way as limited as described by Defendants' counsel during oral argument.

Accordingly, **IT IS ORDERED** that Dr. Conte's Motion to Intervene is **DENIED** and Plaintiff's Motion for Protective Order is **GRANTED.** Defendants are **PROHIBITED** from seeking any information from Dr. Conte outside the records he developed for this case, except by subpoena duces tecum pursuant to Rule 45.

Review of this order is governed by 28 U.S.C. § 636(b)(1), FED. R. CIV. P. 72, and E.D. Mich. LR 72.1(d).

Dated: April 17, 2008

s/ *Charles E Binder*
CHARLES E. BINDER
United States Magistrate Judge

## CERTIFICATION

I hereby certify that this Order was electronically filed this date, and electronically served on Christina Grossi, Heidi Hudson, Andrea Johnson, John Lynch, Mary Ann O'Neil and Lorie Steinhauer; and served on District Judge Ludington in the traditional manner.

Date: April 17, 2008

By    s/Jean L. Broucek
Case Manager to Magistrate Judge Binder
989-894-8821

4